1
2
3
4
5
6
7
8
9
10

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

11
12
13
14
15
16
17

TRACY MOORE,                          )          NO. CV 06-8274 AGR
                                      )
        Plaintiff,                    )
                                      )
        v.                            )
                                      )          MEMORANDUM OPINION AND
MICHAEL J. ASTRUE,                    )          ORDER
Commissioner of Social Security,      )
                                      )
        Defendant.                    )
                                      )

18       Tracy Moore filed this action on December 28, 2006.  On March 15, 2007,

19  the case was transferred to Magistrate Judge Alicia G. Rosenberg.  Pursuant to

20  28 U.S.C. § 636(c), the parties filed Consents to proceed before Magistrate

21  Judge Rosenberg on March 22 and 23, 2007.  On August 2, 2007, the parties

22  filed a joint stipulation.  The Court has taken the matter under submission without

23  oral argument.

24       Having reviewed the entire file, the Court affirms the Commissioner's

25  decision.

26  ///

27  ///

28  ///

1

2

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

# I.

## PROCEDURAL BACKGROUND

On March 21, 2005, Moore filed applications for disability insurance benefits under Title II of the Social Security Act.  A.R. 13.  The Commissioner initially denied the application.  *Id.*  The Administrative Law Judge ("ALJ") conducted a hearing on February 2, 2006, at which Moore and a vocational expert testified.  A.R. 185-208*.*  On April 25, 2006, the ALJ issued a decision denying benefits.  A.R. 13-17.  On October 20, 2006, the Appeals Council denied Moore's request for review.  A.R. 4-6.  This lawsuit followed.

# II.

## STANDARD OF REVIEW

Pursuant to 42 U.S.C. § 405(g), this Court reviews the Commissioner's decision to deny benefits.  The decision will be disturbed only if it is not supported by substantial evidence, or it is based upon the application of improper legal standards.  *Moncada v. Chater*, 60 F.3d 521, 523 (9th Cir. 1995); *Drouin v. Sullivan*, 966 F.2d 1255, 1257 (9th Cir. 1992).

"Substantial evidence" means "more than a mere scintilla but less than a preponderance – it is such relevant evidence that a reasonable mind might accept as adequate to support the conclusion."  *Moncada*, 60 F.3d at 523.  In determining whether substantial evidence exists to support the Commissioner's decision, the Court examines the administrative record as a whole, considering adverse as well as supporting evidence.  *Drouin*, 966 F.2d at 1257.  When the evidence is susceptible to more than one rational interpretation, the Court must defer to the Commissioner's decision.  *Moncada*, 60 F.3d at 523.

# III.

## DISCUSSION

### A.    Definition of Disability

"A person qualifies as disabled, and thereby eligible for such benefits, 'only

2

1   if his physical or mental impairment or impairments are of such severity that he is

2   not only unable to do his previous work but cannot, considering his age,

3   education, and work experience, engage in any other kind of substantial gainful

4   work which exists in the national economy.'" *Barnhart v. Thomas*, 540 U.S. 20,

5   21-22, 124 S. Ct. 376, 157 L. Ed. 2d 333 (2003) (citation omitted).

6   **B.    The ALJ's Findings**

7   The ALJ found that Moore met her insured status requirements for benefits

8   from February 17, 1997, the disability onset date, through December 31, 2002,

9   the date she was last insured.  A.R. 16.  The ALJ found that Moore had severe

10   impairments of "low grade arthralgias in the joints of her body, including her

11   hands."  *Id.*  The ALJ found that Moore was unable to perform her past relevant

12   work as a veterinarian.  *Id.*  However, the ALJ found that she could perform work

13   "at the light exertional level."  *Id.* He found that she is limited to occasional

14   bending, stooping and climbing.  *Id.*  She is further limited to occasional fine

15   manipulation with both hands.  A.R. 15-16.  Accordingly, given her vocational

16   profile and her residual functional capacity, the vocational expert testified that

17   Moore could perform "entry-level, unskilled work as a house cleaner and packing

18   line worker."  A.R. 17.

19   **C.    Whether the ALJ Properly Rejected the Opinion of Her Treating**

20   **Physician, Dr. Daniel Wallace**

21   "[T]he Social Security Administration favors the opinion of a treating

22   physician over non-treating physicians."  *Orn v. Astrue*, 495 F.3d 625, 632 (9th

23   Cir. 2007) (citation omitted).  If a treating doctor's opinion "is contradicted by

24   another doctor, the ALJ may not reject this opinion without providing 'specific and

25   legitimate reasons' supported by substantial evidence in the record."  *Id.* (citation

26   omitted).  "The ALJ must do more than offer his conclusions."  *Id.*

27   On January 24, 2006, Dr. Daniel Wallace, one of Moore's treating

28   physicians, completed a form about Moore's ability to do work-related activities.

3

1  A.R. 175-179.  Dr. Wallace specifically found that Moore was limited to

2  occasional handling because of pain and subluxations (partial joint dislocations).

3  A.R. 178.  By contrast, according to the vocational expert, the job of a house

4  cleaner would require frequent handling (gripping and grasping), and the job of a

5  packer would require "continuous" handling.  A.R. 202, 203.  Dr. Wallace also

6  found that Moore was limited to frequent reaching.  A.R. 178.  However, the

7  vocational expert found that the job of a packer required continuous reaching.

8  A.R. 203.   Finally, Dr. Wallace found that Moore could not sit 6 hours in a

9  workday.  A.R. 177.  However, the hypotheticals posed to the vocational expert

10  by the ALJ assumed she could sit that long.  A.R. 200, 201.

11       The ALJ found that Dr. Wallace's RFC assessment was "not probative as

12  to the claimant's limitations on, or prior to, her date last insured."  A.R. 15.  Moore

13  argues that the ALJ improperly rejected Dr. Wallace's report solely because "it did

14  not address Moore's limitations on or before December 31, 2002."  JS 5.

15  Moreover, Moore argues that the ALJ should have contacted Wallace for

16  additional information.  *Id.*

17       "[R]eports containing observations made after the period for disability are

18  relevant to assess the claimant's disability."  *Smith v. Bowen*, 849 F.2d 1222,

19  1225 (9th Cir. 1988) (citation omitted); *Lingenfelter v. Astrue*, 504 F.3d 1028,

20  1033 n.3 (9th Cir. 2007) (quoting *Smith*).  Such reports "should not be

21  disregarded solely" because they are outside the relevant period.  *Smith*, 849

22  F.2d at 1225.  However, "a claimant is not entitled to disability benefits unless he

23  can demonstrate that his disability existed prior to the expiration of his insured

24  status."  *Flaten v. Secretary*, 44 F.3d 1453, 1461 n.4 (9th Cir. 1995) (citation and

25  internal quotation marks omitted).  "Any deterioration in her condition subsequent

26  ///

27  ///

28  ///

4

to that time is, of course, irrelevant."[1]  *Id.* (citation and internal quotation marks omitted).

Here, the ALJ did not reject Dr. Wallace's 2006 report solely on the basis that it was outside the relevant period.  The ALJ also found that it conflicted with Dr. Wallace's reports during the relevant period.  For example, Dr. Wallace reported on July 26, 2002, that Moore had not been seen for two years, felt "generally well,"[2] and has had "no lasting dislocations."  A.R. 15, 153, 156 ("pt. has been generally well for the last year" as of 8/28/2000); *see Johnson v. Shalala*, 60 F.3d 1428, 1433 (9th Cir. 1995) (a doctor's "retrospective conclusion that . . . contradicts his own contemporaneous finding [provides] clear and convincing reasons" for the ALJ to reject the retrospective conclusion).

In addition, the ALJ relied on the reports of another of Moore's treating physicians during the relevant time period, Dr. Swezey.  A.R. 15.  For example, the ALJ found that Dr. Swezey "commented that the claimant led an active lifestyle during the relevant period."  *Id.*  Indeed, on October 30, 2002, Dr. Swezey reported that Moore was "able to carry on her home activities," that she "tolerates her physical problems reasonably well," that she had "full range of motion in the upper extremity joints," and that she had "normal joint motion."  *Id.* 81.  On July 25, 2001, Dr. Swezey reported that Moore had been out boating, that she had been "very active," and that she had scheduled a dance performance.  A.R. 82.  *See Morgan v. Commissioner of the Social Security Administration*, 169 F.3d 595, 602 (9th Cir. 1999) (inconsistency between retrospective opinion and another doctor's contemporaneous opinion provides sufficient basis for rejecting retrospective opinion).

---

[1] Moore reported that her condition progressively worsened over the years. A.R. 197-198.

[2] Dr. Wallace also reported on August 28, 2000, that Moore had been "generally well for the last year" and had "a few aches and pains."  A.R. 156.

5

1    Accordingly, the ALJ's rejection of Dr. Wallace's 2006 RFC assessment

2 was supported by substantial evidence. *See Tidwell v. Apfel*, 161 F.3d 599, 602

3 (9th Cir. 1998) ("The fact that Dr. Winkler did not examine Appellant until

4 November 12, 1993, more than a year after the expiration of her insured status,

5 coupled with other contradictory medical evidence, fully supports the ALJ's

6 determination that Dr. Winkler's submissions were not convincing.").

7    **D.    Credibility**

8    "[T]o discredit a claimant's testimony when a medical impairment has been

9 established, the ALJ must provide specific, cogent reasons for the disbelief." *Orn*

10 *v. Astrue*, 495 F.3d 625, 635 (9th Cir. 2007) (citations and internal quotation

11 marks omitted). "The ALJ must cite the reasons why the claimant's testimony is

12 unpersuasive." *Id.* (citation and internal quotation marks omitted). If the ALJ has

13 not found that the claimant is a malingerer, his "reasons for rejecting the

14 claimant's testimony must be clear and convincing." *Id.* (citation and internal

15 quotation marks omitted). "In making a credibility determination, the ALJ 'must

16 specifically identify what testimony is credible and what testimony undermines the

17 claimant's complaints.'" *Greger v. Barnhart*, 464 F.3d 968, 972 (9th Cir. 2006)

18 (citation omitted).

19    At the hearing on February 2, 2006, Moore testified that the degree of pain

20 varied from moderate to severe. A.R. 14, 190. She stated that medication

21 helped but didn't fully relieve the pain. A.R. 190. She testified that her grip is

22 weak. A.R. 14, 194. She testified that she does not drop things, but the more

23 she does, the weaker her hands become. A.R. 194. She testified that she has

24 flare-ups where her hands swell and she cannot use them. A.R. 14, 196. A flare-

25 up, which occurred maybe twice a year, would last 7 or 10 days in 2002. A.R.

26 195-196.

27    Here, the ALJ did not find that Moore was a malingerer. He found her

28 "complaints of totally disabling physical limitations are not fully credible for the

1  reasons set forth in detail in the body of this decision" during the period February
2  17, 1997, through December 31, 2002.  A.R. 16; *see* A.R. 14.  The ALJ noted that
3  the medical evidence of record during the period February 17, 1997, through
4  December 31, 2002 did not support disabling limitations.  A.R. 14, 15.  Although
5  this factor is not sufficient alone, it is a factor that the ALJ may consider.  *Burch v.*
6  *Barnhart*, 400 F.3d 676, 681 (9th Cir. 2005).

7         The ALJ also considered that Moore worked on a part-time basis at half of
8  her normal work load as a veterinarian.  A.R. 14, 94, 99.  In addition, during the
9  relevant time period, Moore was "very active."  *Id.*  On July 25, 2001, Dr. Swezey
10  reported that she was scheduled for a dance performance the following
11  weekend,[3] and that she had just been out boating.  A.R. 14-15, 82; *see also* A.R.
12  15, 88 (as of 2/7/2000, "[s]he is very active taking care of her child, work, etc.").
13  The ALJ may properly consider whether Moore's level of activity is inconsistent
14  with her claimed limitations.[4]  *Rollins v. Massanari*, 261 F.3d 853, 857 (9th Cir.
15  2001); *Reddick v. Chater*, 157 F.3d 715, 722 (9th Cir. 1998) ("Only if the level of
16  activity were inconsistent with the Claimant's claimed limitations would these
17  activities have any bearing on Claimant's credibility.").

18         The ALJ also properly considered that Moore was on a conservative
19  treatment regimen consisting of physical exercises and anti-inflammatory
20  medication.  A.R. 15.  *See Parra v. Astrue*, 481 F.3d 742, 750-51 (9th Cir. 2007)
21  (ALJ may discount claimant's testimony based on conservative treatment), *cert.*
22  *denied*, 2008 WL 114040 (2008); *Meanel v. Apfel*, 172 F.3d 1111, 1114 (9th Cir.
23  1999).

24  ─────────────

25         [3]    Dr. Swezey first noted that Moore dances in his initial report dated
   September 11, 1996.  A.R. 100.

26         [4]    The ALJ further noted that Moore's report of daily activities dated
27  April 6, 2005 (after the date of last insured) indicated that she could climb three
   flights of stairs to her home (albeit at a slow pace), lift and carry her cat from
28  room to room, lift small bags of groceries, operate a motor vehicle, and go
   grocery shopping.  A.R. 15, 69, 193.

1      "If the ALJ's credibility finding is supported by substantial evidence in the

2 record, we may not engage in second-guessing." *Thomas v. Barnhart, 278 F.3d*

3 *947*, 959 (9th Cir. 2002); *Morgan*, 169 F.3d at 600.

4                       **IV.**

5                 **ORDER**

6      It is ORDERED that the decision of the Commissioner is affirmed.

7      It is FURTHER ORDERED that the Clerk of the Court shall serve copies of

8 this Order and the Judgment on all parties.

9

10 DATED:  February 26, 2008

                                   ALICIA G. ROSENBERG

11                             United States Magistrate Judge

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28